Joseph C. White, a tenant of Bernard A. Siemssen, brought this suit to recover from Siemssen $800 together with interest and a reasonable attorney's fee on the ground that there had been a willful failure on the part of Siemssen to register the leased property with the Federal Office of Price Administration, and to obtain the fixing of a ceiling rental price, and on the additional ground that when, in spite of this failure, the Office of Price Administration nevertheless fixed a ceiling rental price on the property and ordered a refund of the amount overcharged, Siemssen failed to make the said refund.
There was judgment below in favor of plaintiff for $400, with interest from judicial demand and for an attorney's fee which was fixed at $100.
Defendant has appealed.
Siemssen owns a double cottage bearing the numbers 3208-10 Frenchmen Street in New Orleans. The two sides are identical. Prior to the occurrences on which this suit is based, Siemssen, with his family, lived in the side No. 3210 and rented the other side to a Mrs. Brunot. The Federal Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., required that all owners desiring to rent housing accommodations should register them with the Office of Rent Control and obtain the fixing of a ceiling rate at which the accommodation might be rented. Siemssen had done this as to the side leased to Mrs. Brunot, No. 3208, and the ceiling rental rate had been fixed at $22 per month.
In September, 1943, Siemssen applied to the Rent Director of the Office of Price Control for authority to increase the rent on No. 3208 leased to Mrs. Brunot but the increase requested was refused. Shortly thereafter he brought a proceeding against Mrs. Brunot seeking her eviction. He was unsuccessful and a little later brought a second ejectment proceeding. Before this second proceeding came to trial, Mrs. Brunot vacated the premises. Siemssen then moved from the side No. 3210 into the side No. 3208 and made an agreement with the present plaintiff, Joseph C. White, *Page 395 
under which White leased the side No. 3210 for $35 per month.
White moved into the property and Siemssen accepted rental payment at $35 for the month of February, 1944. White likewise paid to Siemssen $35 per month for each month through May, 1945.
Siemssen had failed to register the side No. 3210 Frenchmen Street with the Office of Price Control and, of course, had not obtained the fixing of a ceiling rental price on that side. The Director of Rent Control of the Office of Price Administration discovered this failure and, under date of April 28, 1945, issued an order decreasing the rent which White was paying from $35 per month to $22.50 per month. The Rent Director in this order notified Siemssen that if he wished to file objections he must do so within ten days. The order was made effective as of February, 1944, and it stated that it was made retroactive "because of failure of landlord to register within thirty days after renting."
Siemssen protested and attempted to have the rent raised but on May 10, 1945, the Rent Director issued another order maintaining the former fixing of the ceiling rental rate at $22.50 per month, and providing that that rate should be retroactively effective as of February, 1944. This order included the following paragraph: "All rent received by you since the effective date of this order, in excess of the maximum legal rent established thereby, namely $22.50 per month, is subject to refund to the tenant. Upon your failure to make such refund within thirty days from the date hereof, the excess payment received will be considered an overcharge within the meaning of Section 205(e) of the Emergency Price Control Act of 1942, as amended [50 U.S.C.A.Appendix, § 925(e)], subjecting you to a damage action in accordance with that section."
Under the section referred to a violation of such an order subjected the violator to liability for a maximum penalty of three times the amount of the overcharge together with interest and a reasonable attorney's fee. This penalty may be reduced to merely the amount of the overcharge where the lessor is able to prove "that the violation of the regulation, order or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."
Siemssen filed a petition for a review of this order, basing his complaint on the charge that there had been a substantial increase in the number of subtenants, a substantial increase in the number of occupants in excess of the normal occupancy, and an increase in the number of persons occupying the accommodation over the number contemplated by the rental agreement. The Rent Director investigated the facts set forth in this application for review, and, on May 19, 1945, issued another order affirming the fixing of the maximum rental at $22.50 per month but containing a statement that $30 per month might be charged "when two rooms are sub-rented to one or two persons."
This order of May 19, 1945 seems to us to be clearly intended to operate only prospectively. There is certainly nothing in it which indicates that the former order of May 10th, operating retroactively and requiring the refund of all overcharges since February, 1944, was canceled or affected in any way.
Siemssen failed to make the refund required by the order of May 10th and this suit has resulted. It is Siemssen's contention that he was in good faith in failing to make the refund because he thought that the order of May 19th had superseded the order of May 10th, and that therefore, when the Rent Director ruled on May 19th that the ceiling price might be $30 per month "when two rooms are sub-rented to one or two persons" this order automatically canceled the earlier order requiring a refund based on a rental charge of $22.50 per month.
[1] The record shows a studied attempt on the part of Siemssen to escape the effect of the Price Control Law. In the first place it is obvious that he knew of the requirement that the housing unit must be registered because he had seen to it that the side formerly leased to Mrs. Brunot was registered. His statement that be thought that his son-in-law had registered *Page 396 
the side (No. 3210) does not impress us. His son-in-law was a seaman and expected to be called away at any moment and it is highly improbable that he had entrusted him with so important a matter under such circumstances. We think, too, that it is very obvious that his move from one side to the other was only for the purpose of escaping the effect of the fact that the ceiling price had been fixed for the side No. 3208 whereas none had been fixed for the side, No. 3210. He knew that if he put another tenant into the side No. 3208 he would be subject to a heavy penalty, if he made a charge in excess of that which had been fixed for that side.
The contention that he was in good faith in believing that the order of May 19th superseded the order of May 10th, even to the extent of canceling the requirement that a refund would be made, is in our opinion not warranted by the facts. As we have said there is nothing in the second order to lead to the conclusion that the earlier order was canceled or superseded, and it is very obvious that had Siemssen at that time really desired to find out whether the one superseded the other, he could easily have done so by applying for information on that point. Instead of doing so he seems to have consulted a Mr. Verlander who had no authority whatever insofar as the Office of Price Administration was concerned, and Mr. Verlander seems to have asked for an explanation from the Rent Attorney of the Office of Price Administration.
[2] On September 11th the Rent Attorney advised Mr. Verlander that the second order had not in any way superseded the first. He said: "The second order so far from affecting the first order affirms it, and there is no procedure within the Office of Price Administration by which the effect of the first order may now be altered or modified."
It is true that during all of this time Mr. Siemssen was protesting, filing appeals and taking other steps of various kinds to overcome the effect of the order. It is equally true that in none of them was he successful and that at all times he was aware of the fact that he had been ordered to make a refund in accordance with the orders of May 10th and May 19th. We do not think that he was in good faith in failing to register the property or in failing to make the refund as required by that order.
[3] The overcharge during the period involved amounted to $200. The amount awarded below was double that whereas it might have been three times the amount of the overcharge. The amount awarded for attorney's fee, $100, is not excessive in view of the complicated matters which are involved.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.